CONRAD GEMMER, JR., executor, &c., complainant-respondent,

*v.*

RITZ REALTY CORPORATION et al., defendants-appellants.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

*Messrs. Mackay & Mackay,* for the appellants.

*Messrs. Henn & Burr,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This appeal brings up an order of the court of chancery striking out the answer of the defendant to a bill for foreclosure of a mortgage.

The mortgage, in the sum of $17,000, and dated July 1st, 1925, was made by appellants' grantor to Conrad Gemmer. Gemmer died on October 28th, 1925, and the bill was filed by his executor.

On April 30th, 1930, the complainant executor agreed with the defendant corporation to extend the time of payment of the principal sum for three years from July 1st, 1930. The bond and mortgage contained tax, assessment and water rent default covenants, with an option to call the principal in case of default in payment of any such lien within sixty days. The extension agreement provided that all of the terms of the bond and mortgage should remain in full force and effect.

Default was made in the payment of taxes payable June 1st, 1930, December 1st, 1930, June 1st, 1931, and December 1st, 1931.

The answer admitted the defaults and set up a defense that there had been waiver of defaults by express agreement with one Helena Gemmer, a sister of the executor and a beneficiary under the will of said Conrad Gemmer, deceased, and by the acceptance of interest after default in the payment of taxes.

The matter was heard by Vice-Chancellor Fielder on motion to strike the answer, supported by affidavits, with counter-affidavits on behalf of defendant. The vice-chancellor advised the order striking the answer.

The express waiver by agreement with Helena Gemmer is denied by her. The complainant denied the authority of the sister to make any agreement with respect to the matter and denied all knowledge of any conversation between his sister and anyone acting for the defendant.

No authority in Miss Gemmer to act for the complainant being shown, if she had made the alleged agreement to waive payment of taxes it would not be binding on complainant.

Appellant argues that if the agreement alleged to have been made with Helena Gemmer was without authority, it was ratified by the executor "when the interest was accepted on account of the mortgage and he having known as far back as June, 1930 and 1931, that there was a default in the mortgage because of taxes and assessment remaining unpaid." Miss Gemmer not being the agent of complainant, there could be no ratification of an agreement by a stranger, of which the complainant had no knowledge, by the payment by the de-

fendant of moneys due for interest, and by the acceptance by the executor of moneys due to him for the estate.

The main point relied on by defendant for reversal is that the acceptance of interest upon the debt, without claim of forfeiture for unpaid taxes, operates as a waiver of the default.

The rule is well settled that the acceptance of interest will not constitute a waiver of other defaults of the conditions of the mortgage. *Union Trust Co.* v. *New Jersey Water and Light Co.*, *94 N. J. Eq. 446; Freund* v. *Weisman, 101 N. J. Eq. 245.*

There being no waiver of the admitted defaults in the payment of taxes by the acceptance of interest, and there being no proof of express waiver, it follows that the answer was properly stricken.

The order under review will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PAR-KER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUS-KIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.